Matter of the Estate of BELLE G. BERNHEIMER, Deceased.

(Surrogate's Court, New York County, April, 1919.)

Accounting — by executors and trustees — trusts — wills — responsibility of trustee in receiving unauthorized investments.

> At the death of a testatrix her estate was invested almost entirely in securities many of which were not such as trustees are ordinarily justified in retaining as investments, or in investing trust funds.  The executors and trustees and the survivor of them were granted a complete discretion as to the retention of the securities in the residuary estate given to them in trust, but as to that portion thereof which after its division into two parts as directed by the will and separately given to a trust company for the benefit of the two grandsons of the testatrix, the will specifically provided that investments of the principal of said several trusts and of trusts for the benefit of testator's daughters, should the trust company become trustee thereof, should be limited to such investments as trustees are by law authorized to make.  Upon the judicial settlement of the accounts of executors and trustees for the benefit of the daughters of the testatrix, *held,* that the court would not sanction the receipt by the trust company of such part of the trust funds as are not legal investments for trustees but that said trust company must act on its own responsibility.

PROCEEDING upon the judicial settlement of the accounts of executors and trustees.

. Surrogate's Court,. New York County, April, 1919.   [Vol. 106.

Nicoll, Anable, Lindsay & Fuller, for executors.

Leslie J. Tompkins, special guardian.

FOWLER, S.   Three accountings are made herein by reason of the division of the trust estate into three parts under the will of the testatrix.   The estate amounts to slightly over $1,000,000, and the will, after bequeathing legacies to the amount of $65,000, directs the executors, out of the residuary estate, to set up three equal trusts.   One-third of the residuary is given in trust for the testatrix's daughter, Grace Guggenheim.   Another equal third part is given in trust for the life of the testatrix's other daughter, Alva Gimbel, and the remaining equal third of the residuary the executors are directed to divide into two equal shares, and one such share is to be given to the United States Trust Company in trust for the life of the testatrix's grandson, Jacob D. Bernheimer.   The other one-sixth of the residue is given to the United States Trust Company in trust for the life of the testatrix's grandson, Lloyd G. Bernheimer, Jr.   Upon the deaths of these various life beneficiaries there are gifts over, but such limitations over are immaterial to the question of construction now before the surrogate.

At the time of the death of the testatrix the estate was invested almost entirely in securities, many of which are not such as trustees are ordinarily justified in retaining as investments, or in investing trust funds.   By paragraph 7 of the will the testatrix granted to her executors and trustees, who were Henry S. Glazier, Daniel Guggenheim, Bernard F. Gimbel and Morton E. Snellenburg, a complete discretion as to the retention of securities in the trust estate.   The portion of paragraph 7 material to the question at issue is as follows: "And I further hereby authorize and empower said Henry S. Glazier and Daniel Guggen-

heim (and Bernard F. Gimbel and Morton E. Snellenburg, added by codicil), and the survivor of them, in their discretion, to retain, invest and continue to keep my estate or any portion thereof invested in the securities in which it may be invested at the time of my decease, or to sell the same and invest the proceeds thereof otherwise; and my said executors and trustees are also hereby authorized and empowered, in their discretion, to invest, reinvest, alter or change investments at any time in any securities or investments which to them may seem advisable or proper; and the said Henry S. Glazier and Daniel Guggenheim, and the survivor of them, in making such investments, or in altering or changing the same, shall not be limited to such as trustees are authorized to make, but may make whatever investments in real and personal property as shall in the exercise of their discretion seem to them judicious.''

The will further provides, however, in the same paragraph, that as to that portion of the trust estate, amounting to one-third of the residuary, given to the United States Trust Company for the benefit of the grandchildren of the testatrix, Jacob D. Bernheimer and Lloyd G. Bernheimer, Jr., the United States Trust Company shall not have such discretion as to the investments as the individuals named as executors. The words of the will are as follows: '' It is my desire, however, that the United States Trust Company, as trustee for the benefit of my grandchildren, Jacob D. Bernheimer and Lloyd G. Bernheimer, Jr., shall as to the principal of the said several trusts or of the trust for the benefit of my daughters, Alva G. Gimbel and Grace Guggenheim, in the event it shall become trustee thereof be limited to such investments as trustees are by law authorized to make.''

Perry on Trusts states the general principles as fol-

46

lows: " Section 465. There is said to be a distinction between an original investment improperly made by trustees, and an investment made by the testator himself, and simply continued by a trustee; but it is a distinction that cannot be safely acted upon. If a testator gives any directions in his will to continue his investments already made, trustees must of course follow such directions; and if they follow them in good faith, they will not be liable for any losses, unless they are negligent in failing to change an investment, when it ought to be changed to save it; for it cannot be supposed that the direction of a testator to continue a certain investment, relieves the trustees from the ordinary duty of watching such investment, and of calling it in, when there is imminent danger of its loss by a change of circumstances. If no directions are given in a will as to the conversion and investment of the trust property, trustees to be safe should take care to invest the property in the securities pointed out by the law. It is true that a testator during his life may deal with his property according to his pleasure, and investments made by him are some evidence that he had confidence in that class of investments; but, in the absence of directions in the will, it is more reasonable to suppose that a testator intended that his trustees should act according to law." In *Matter of New York Life Ins. & Trust Co.,* 86 App. Div. 247, 251, the court said, after quoting Perry on Trusts (§ 465, *supra*): " This language was quoted with approval in *Toronto Gen. Trusts Co.* v. *Chicago, B. & Q. R. R.* (64 Hun, 1; affd. on the opinion below in 138 N. Y. 657). The same section was also cited and followed in *Matter of Wotton* (59 App. Div. 584; affd. without opinion in 167 N. Y. 629), where, by a unanimous court, Mr. Justice Rumsey writing, it was held (p. 587): ' When a trustee finds the estate committed to him already invested in interest-bearing securities,

Misc.]    Surrogate's Court, New York County, April, 1919.

we are not inclined to say that it is his absolute duty at once to dispose of them, without regard to the market, or the demand for them, or the ruling price, or the probability of an advance in their value. It is sufficient to say, however, that, ordinarily, if a trustee sees fit to continue such investments after he shall have had a reasonable opportunity to sell them without loss and to invest them in those securities which by law he is authorized to hold, it must be an exceptional case which will justify him in his failure to do so where as a result of that failure there has been a loss.' "

The question now before the surrogate concerns the legal effect of the provisions limiting the United States Trust Company as trustee to investments which are authorized by law. The accountants themselves have retained as trustees of the two equal one-third portions of the residuary estate for the benefit of the testatrix's daughters' securities and cash amounting to approximately $250,000 for each trust estate. They have also paid over to the United States Trust Company the one-third portion of the residuary estate as trustee for the two grandchildren of the testatrix. These trust estates are now represented partly by securities which trustees would be unauthorized either to invest in or to retain as investments. Such securities have come down to the accountants by reason of the investments made by the testatrix herself during her lifetime. There does not appear to have been any reinvestment. The United States Trust Company as trustee for the two infant grandchildren has accepted the securities, but asks this court to protect it by a decree. It would seem that as to the two one-third portions of the residuary estate held by the accountants there can be no question as to investments, for the reason that the will gives the executors and trustees as full a discretionary power as to investments in securities, whether lawful or otherwise, as could pos-

Surrogate's Court, N. Y. County, April, 1919.    [Vol. 106, Misc.]

sibly be given. But as to the other one-third of the residuary estate, which the United States Trust Company is to hold as trustee for the benefit of the testatrix's two grandchildren, I am of the opinion that the trust funds must be invested only in securities authorized by law.

Section 111 of the Decedent Estate Law provides that trustees may invest in such securities as savings banks in the state of New York are authorized to invest in, and refers to Banking Law (§ 239). Many of the securities which the United States Trust Company has accepted as part of the trust fund are not legal investments for trustees in this state. No direction or responsibility should be given or taken by the court in regard to the investments of the trust funds directed to be paid to the United States Trust Company. The will is specific in directing that the United States Trust Company shall invest in securities authorized by law, and none other. If the United States Trust Company is willing to receive the securities that they have received in this accounting they do so on their own responsibility, and this court will not now expressly sanction such receipt.

Decreed accordingly.